[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OBJECTION TO MOTION FOR ADVICE
On April 24, 1992, the Norwalk Bank ("Norwalk Bank") was declared to be insolvent and placed in receivership by order (the "Order") of the Superior Court pursuant to Connecticut General Statutes sections 36-34 and 36-36 and 12 United States Code section 1821(c)(3).
Pursuant to the terms of the order the Federal Deposit Insurance Corporation was appointed Receiver of Norwalk Bank (the "FDIC as Receiver").
Pursuant to 12 United States Code section 1821(d)(2) upon appointment of the FDIC as Receiver, Norwalk Bank ceased to exist as a legal entity and the FDIC as Receiver succeeded by operation of law to all of the rights, title, liabilities and interests of Norwalk Bank.
The above-entitled matter was commenced by Writ, Summons and Complaint having a Return Date of October 16, 1990. This action seeks, inter alia, the foreclosure of real property known as 1 Allen Court, Norwalk, Connecticut the "Real Property"). The FDIC as Receiver has a first mortgage on the Real Property in the original amount of $300,000.00. Fairfield First has a second mortgage in the original principal amount of $650,000.00.
On February 1, 1992, the Court (Lewis, J.), upon Fairfield First' Motion, entered a judgment of foreclosure by sale. Norwalk Bank's debt as of February 1, 1991 was found to be $328,869.53, plus attorney's fees of $1,539.00, and appraiser's fees of $400.00. The fair market value of the Real property as found by the Court appointed appraisers ranged from $485,000.00 to $625,000.00. A foreclosure sale was scheduled for June 22, 1991. Christopher A. Kristoff was appointed the committee (the "Committee") for the sale.
At the sale, Norwalk Bank and Fairfield First bid for the Real Property. Norwalk Bank opened the bidding at $300,000.00 and Fairfield First was the successful bidder with a bid of CT Page 2264 $349,000.00. Fairfield First bid at the sale. It made 5 bids. Fairfield First's final bid was $39,000.00 higher than its opening bid. As successful bidder Fairfield First deposited $50,000.00 with the Committee and executed a Bond for Deed (the "Bond").
On June 24, 1991, the Committee filed a Motion for Approval of Sale and Deed (the "Motion for Approval"). On July 2, 1991 the Defendants, David and Susan Zullo filed an Objection to the Motion for Approval. On July 8, 1991 the Court (Nigro, J.) granted the Motion for Approval. On July 24, 1991, the Zullos appealed the Court's approval of the sale (the "Appeal"). On March 6, 1992, during the pendency of the Appeal, the Zullos filed a Chapter 11 petition for bankruptcy (the "First Petition").[1]
The First Petition was dismissed by the Bankruptcy Court (Schiff, J.) on April 13, 1993. The Appeal was dismissed by the Appellate Court on July 21, 1993, after the Zullos failed to file an appellate brief.[2]
Apparently, at no time during the pendency of the Appeal or the First Petition did Fairfield First appeal the approval of the sale or seek to modify the terms of the Bond for Deed.
Following the dismissal of the Appeal and the First Petition, the Committee tried to schedule a closing date with First Fairfield. On September 22, 1993, the Committee filed a Motion to Modify the Bond for Deed to extend the time for closing. The Committee, on September 22, 1993, also filed a Motion for Advice. The Committee's Motion for Advice sought advice from the Court because the Committee was having difficulty scheduling a closing date with Fairfield First. Paragraph 9 of the Motion for Advice states that:
 Upon information and belief, the successful bidder herein, Fairfield First Bank Trust Company, desires not go through with the purchase herein, resulting in your Committee's inability to make Return of Sale."
Motion for Advice, dated September 22, 1993.
The Court (Mottolese, J.) on October 4, 1993, ordered that Fairfield First close on the Bond for Deed on or before November 3, 1993, or forfeit its deposit. On October 20, 1993, the Zullos filed a second petition for bankruptcy (the "Second Petition"). CT Page 2265 Also on October 20, 1993, Fairfield First filed the Motion.
In the Motion, Fairfield First seeks permission to use the sales proceeds to pay all real estate property taxes (estimated to be $28,000.00) for the Real property which have accrued subsequent to the sale. On January 24, 1994, the Motion was argued before Judge Hickey. At oral argument, the FDIC as Receiver was given permission to file this objection.
In the present action, Fairfield First has never appealed the Court's order approving the sale. The appeal period has since run. As a result, the order confirming the sales is final and Fairfield First is bound by its terms. Raymond, 111 Conn. at 614; Mariners Savings Bank, 98 Conn. at 152.
Equity dictates that the FDIC as Receiver for Norwalk Bank should not be penalized in this matter since (i) Fairfield First, and not Norwalk Bank, moved for a sale in this matter; and (ii) Fairfield First, as mentioned, could have expedited the closing of the sale or sought relief from the appellate stay.
Fairfield First will not be prejudiced if it pays all accrued taxes for the Real property. As described previously, both the Bond and Notice to Bidders indicated that Fairfield First as successful bidder would be liable for all accrued taxes. Fairfield First bargained for the purchase of the Real property. Fairfield First upon completion of the sale will receive what it bargained for: title to the Real Property.[3]
If this Court grants the Motion, the finality of court orders approving sales will be threatened. If parties can modify the terms of a foreclosure sales years after the sale occurred and was approved by the court, parties in foreclosure actions will not be able to rely on Court orders to enforce the terms of approved sales. If successful bidders are allowed to modify their bids to suit their needs after sales have been approved, the entire foreclosure process will lose credibility, finality and judicial fairness.
For the reasons stated above, the Motion is denied.
HICKEY, J.